```
                        United States Bankruptcy Court
                         Middle District of Pennsylvania
```

In re:                                                           Case No. 12-05337-RNO
Perry L. Smith                                                   Chapter 13
Tracy E. McLain
        Debtors                   **CERTIFICATE OF NOTICE**

District/off: 0314-1          User: PRadginsk           Page 1 of 1              Date Rcvd: Sep 13, 2016
                              Form ID: pdf010           Total Noticed: 7

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 15, 2016.
              +Lake George School District,   381 Canada Street,   Lake George, NY 12845-1197
              +Office of Attorney General,   15th Floor, Strawberry Square,   Harrisburg, PA 17120-0001
               Steven M. Williams, Esquire,   Cohen Seglias,   North Third Street, 7th Floor,
                Harrisburg, PA  17101
               Town of Fort Ann,   80 George Street,   Fort Ann, NY  12827
              +Washington County Tax Claim Bureau,   383 Broadway,   Fort Edward, NY 12828-1001

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr            +E-mail/Text: bnc@bass-associates.com Sep 13 2016 19:33:05      Capital One, N.A.,
                Bass & Associates, P.C.,   3936 E. Ft. Lowell Rd, Suite #200,   Tucson, AZ 85712-1083
               E-mail/PDF: gecsedi@recoverycorp.com Sep 13 2016 19:34:22      GE Capital Retail Bank,
                c/o Recovery Management Systems Corp.,   25 SE 2nd Avenue, Suite 1120,   Attn: Ramesh Singh,
                Miami, FL  33131-1605
                                                                                              TOTAL: 2

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 15, 2016                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 13, 2016 at the address(es) listed below:
              Bass and Associates PC    on behalf of Creditor    Capital One, N.A. ecf@bass-associates.com
              Charles J. DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              Joshua I Goldman    on behalf of Creditor    M&T Bank bkgroup@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Kimberly A Bonner    on behalf of Creditor    First National Bank amps@manleydeas.com
              Richard W. Stewart    on behalf of Creditor    Cumberland County Tax Claim Bureau rws@jdsw.com,
               baf@jdsw.com
              Robert E Chernicoff    on behalf of Debtor Perry L. Smith rec@cclawpc.com,
               jbartley@cclawpc.com;jlaughman@cclawpc.com;jhr@cclawpc.com
              Robert E Chernicoff    on behalf of Joint Debtor Tracy E. McLain rec@cclawpc.com,
               jbartley@cclawpc.com;jlaughman@cclawpc.com;jhr@cclawpc.com
              Steven C Gould    on behalf of Creditor    PA Department of Revenue sgould@attorneygeneral.gov,
               dbiller@attorneygeneral.gov
              Steven M Williams    on behalf of Creditor    Facilities Planners + Architects
               swilliams@cohenseglias.com, azortman@cohenseglias.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : NO. 1:12-bk-05337-RNO |
|     PERRY L. SMITH | : |
|     TRACY E. McLAIN | : CHAPTER 13 |
| | : |
| TRACY E. McLAIN | : |
|                 Movant | : |
| | : |
|     v. | : |
| | : |
| TOWN OF FORT ANN, | : |
| WASHINGTON COUNTY TAX | : |
| CLAIM BUREAU, LAKE GEORGE | : |
| SCHOOL DISTRICT | : |
|                 Respondents | : |

**ORDER APPROVING SALE OF REAL ESTATE**
**(3707 Eastman Way, Fort Ann, New York)**

This matter is before the Court on the motion (the "Motion") of Tracy E. McLain ("Debtor") for the entry of an order authorizing sale of the Debtor's real property located at and known as 3707 Eastman Way, Fort Ann, Washington County, New York (the "Real Property").

The Court has considered the Motion and the matters reflected in the record of the hearing held on the Motion. All capitalized terms used herein not otherwise defined have the meanings ascribed to them in the Motion. It appears that the Court has jurisdiction over this proceeding; that this is a core proceeding; that notice of the Motion and this Court's hearing thereon has been provided by U.S. Mail to all interested parties and upon any entity that may assert a lien or interest in the Real Property, and such is due and sufficient in all regards; that no further notice is necessary; that the relief sought in the Motion is in the best interests of the Debtor's bankruptcy estate and the creditors thereof; and good and sufficient cause exists for such relief.

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.    The relief requested in the Motion is sought pursuant to applicable substantive and procedural law, including Code Sections 105, 363(b), (f), and (m), and Bankruptcy Rules 2002, 6004, 9013, and 9014.

B. This Court has jurisdiction over Debtor, over all of Debtor's assets wherever located, and over all creditors of the Debtor. This Court has jurisdiction to hear and to rule upon the Motion, and the Motion constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2).

C. Notice regarding the Motion and the hearing thereon has been due and sufficient in content, timing, and service in accordance with the Bankruptcy Code and the Bankruptcy Rules. As evidenced by the certificates of service filed with the Court, and based on the record before this Court: proper, timely, adequate and sufficient notice of the Motion, the hearing regarding the Motion, and the proposed transfer of the Real Property therein referenced, has been provided to all creditors and interested parties in the Debtor's above-referenced Chapter 13 case. Such notice was good and sufficient and appropriate under the particular circumstances in accordance with Code Sections 102(1) and 363, and Bankruptcy Rules 2002, 6004, 9013, and 9014, and no other or further notice of the proposed sale, the Motion, or the Hearing is required.

D. Reasonable opportunity to object to, or be heard regarding, the relief requested in the Motion has been afforded to all interested persons and entities, including but not limited to all creditors and all parties who claim interests in or liens against the Real Property.

E. The sale of the Real Property is at arms' length. The consideration paid is reasonably relative to the fair market value.

F. Under the circumstances presented in this case, the Debtor's efforts with respect to sale of the Real Property were reasonable and adequate and were designed to obtain the highest price possible for the Real Property.

G. The relief sought in the Motion is in the best interest of this estate, its creditors, and all parties in interest.

H. Debtor advanced sound and sufficient business justifications and it is a reasonable exercise of the Debtor's business judgment for Debtor to consummate the transaction contemplated therein (the "Sale Transaction").

I The consummation of the Sale Transaction is properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, Code Sections 105(a), 363(b), 363(f), 363(m), and 363(n), and all of the applicable provisions of such sections have been complied with in respect of the Sale Transaction.

2

J. The consideration provided by the Buyer for the Real Property shall be deemed to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable state law.

K. Debtor may sell the Real Property to Mark Rekucki, or his assigns, as set forth in the Agreement, free and clear of all Liens and Claims (as hereinafter defined), because one or more of the standards set forth in Code §363(f)(1) - (5) has been satisfied. Each holder of any Liens and Claims that did not object, or that withdrew its objection, to the Sale Transaction or the Motion is deemed to have consented pursuant to Code §363(f)(2).

**THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Findings of Fact set forth above be, and the same hereby are, ratified and adopted as findings of the Court.

2. The Motion is granted. Any and all objections to the Motion are, to the extent not withdrawn or otherwise resolved as reflected in this Order, hereby overruled. Those parties that did not object, or who withdrew their objections, to the Motion are deemed to have consented pursuant to Bankruptcy Code Section 363(f)(2). The Debtor, as Seller, is authorized to perform the relevant or appropriate conveyances and duties referenced in the Motion.

3. Each of the bills of sales, releases, agreements, certificates, assignments, documents and instruments executed in connection therewith, and all of the other actions contemplated by the sale, are approved and authorized in their entirety, except as may be modified in this Order.

4. Debtor is authorized, pursuant to Code Sections 105(a), 363(b), and 363(f), to perform all of her obligations under the Agreement.

5. As provided herein, the Sale Transaction is hereby approved pursuant to Code Sections 105(a), 363(b), 363(f), 363(m), and 363(n).

6. Any other provisions of the Bankruptcy Code governing the sale of property free and clear of all liens, claims, encumbrances and other interests, outside the scope of the Debtor's ordinary course of business, have been satisfied.

7. Debtor hereby is authorized to execute, deliver, exchange, and perform under all documents necessary or appropriate to consummate sale and transfer of the Real Property to the Buyer.

8. Debtor is authorized to pay costs and expenses associates with the sale of the Real Property as follows:

   a. Any notarization or incidental filing charges required to be paid by Debtor as seller.

   b. All other costs and charges apportioned to Debtor as seller, including attorneys fees for local counsel to prepare a deed.

   c. All costs associated with the preparation of the conveyance instrument and normal services with respect to closing, including payment of $5,000.00 for legal fees and expenses owed to Cunningham, Chernicoff & Warshawsky, P.C., and case professionals, or to be owed to Cunningham, Chernicoff & Warshawsky, P.C., and other professionals in the case, in connection with implementation of the sale, the presentation and pursuit of this Motion, consummation of closing, and otherwise in connection with this case. All fees and expenses payable to Cunningham, Chernicoff & Warshawsky, P.C, and other professionals shall be subject to such approval as the Bankruptcy Court may require. If any fees and/or expenses have not been approved by the Bankruptcy Court at the time of closing, then an estimated sum shall be escrowed at closing pending application to the Bankruptcy Court for approval of such fees. Upon approval of any fees and expenses by the Bankruptcy Court, funds in such amount may be distributed from escrow. The Debtor's Chapter 13 case is complex and involves considerable issues concerning former business interests held by one or both of the Debtors.

   d. One-fourth of the real estate commission to Davies-Davies & Associates Real Estate, LLC in the amount of five percent (5%) of the sale consideration for the Real Property.

   e. All applicable real estate transfer taxes to be paid for Seller as set forth in paragraph 15 of the Agreement.

   f. One-fourth of all current and past due real estate taxes, and any municipal charges, pro rated as of the date of closing.

   g. Seller is to provide the Buyer with a $500.00 credit in exchange for the waiver of any inspections as set forth in paragraph 9 of the Agreement.

9. Subsequent to payment of the above costs and expenses, one-fourth of the remaining net proceeds shall be paid to the Chapter 13 Trustee on behalf of the Debtor.

4

10. Subject to the distributions set forth in this Order, all Liens and Claims shall be transferred and attach, with the same validity, enforceability, priority, force and effect that they now have as against the Real Property, to the net proceeds obtained for the Real Property, subject to the rights, claims, defenses and objections of the Debtor and all interested parties with respect to such liens. This Order is deemed to operate as a release of all Liens and Claims as and when sale of the Real Property occurs. If the proposed sale of the Real Property fails to close for any reason, then such Liens and Claims shall continue against it unaffected by this Order. All holders of recorded Liens and Claims affecting the Real Property are hereby directed to prepare, and record promptly after the closing of sale of the Real Property, of such Liens and Claims reasonably satisfactory to the Buyer.

11. Nothing herein shall work to the prejudice of the rights of the Debtor or any party-in-interest to object to any claim(s) filed in this bankruptcy case.

12. Except to the extent that the Liens and Claims attach to the sale proceeds as provided in this Order, this Order is and shall be effective as a determination that, as of the Closing Date, all Liens and Claims existing or that may be raised as to the Real Property prior to such closing have been unconditionally released and terminated.

13. This Order is binding on all filing agents and officers, all escrow agents, all title agents, all title insurance companies, all administrative agencies, all government departments and units, all Secretaries of State, and all federal, state, or local (or subdivision thereof) officials and all other persons or entities who may be required by operation of law, or by the duties of their office or by contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title or state of title in, to, or as regards the Real Property (all such persons or entities being "Recording Officers"). All Recording Officers are authorized and specifically directed to strike recorded Liens and Claims against the Assets in conformity herewith.

14. The Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the Sale Agreement, all amendments thereto and any waivers or consents thereunder and of each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer or the Sale Assets; (c) to compel delivery of the Assets to the Buyer; or (d) to interpret, implement, and enforce the provisions of this Order.

15. This Order shall be effective immediately upon its entry, and the stay imposed by Bankruptcy Rule 6004(g) is declared inapplicable and waived.

By the Court,

*Robert N. Opel, II*
Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

Dated: September 13, 2016